OCEAN ACCIDENT AND GUARANTEE CORP. v. JOHN TUCKER.

150 So. 606.

Division A.

Opinion Filed October 19, 1933.

*Wm. C. Brooker,* for Appellant;

*B. A. Gregory* and *Burton G. Henson,* for Appellee.

DAVIS, C. J.—Appellant alleged in a bill of complaint filed on the Chancery side of the Circuit Court of Hillsborough County that a policy of accident insurance had been fraudulently procured by the appellee, who was alleged to be suing on the policy on the law side of the same Court. The prayer of the bill was for rescission of the policy and for an injunction against the further prosecution by the policy holder of the pending law action, or any other action at law thereon. The Chancellor dismissed the bill for want of equity. Complainant appealed.

For the purposes of this opinion it may be assumed (without deciding that question) that the bill of complaint sets up sufficient facts to show that the policy had been fraudulently procured. But taking this proposition to have been established by the complainant's pleading, the controversy here resolves itself into a question of complainant's right to relief in equity, in view of the pending law action, previously instituted, for the purpose of recovering on the policy in an action at law brought against the complainant, long prior to the filing of complainant's bill of complaint in this case.

The policy in this case was sued upon in an action at law begun November 23, 1932. The bill of complaint in this case was not filed until February 23, 1933, after a right of action under the policy as written had accrued and was actually being sued on for the recovery of a money judgment against the insurer.

As a general rule equity will not entertain a bill by an insurance company, *after loss,* to cancel the policy and enjoin the bringing of an action thereon, where the bill is founded upon charges of fraud in obtaining the policy which might be availed of by way of defense in an action at law. The Sailors v. Woelfle, 118 Tenn. 755, 102 S. W. Rep. 1109, 12 L. R. A. (N. S.) 881; Mechanic's Ins. Co. of Philadelphia v. C. A. Hoover Distilling Co. (97 C. C. A. 400, 8th Circuit), 173 Fed. 888, 32 L. R. A. (N. S.) 940; Bankers Reserve Life Co. v. Omberson, 123 Minn. 285, 143 N. W. Rep. 735, 48 L. R. A. (N. S.) 265. The reason for the rule is that the insurors by issuing the policy of insurance, have entered into a contract with the assured which entitles the latter, after a loss under the policy has occurred, to seek redress in a court of common law, and there submit for judicial determination, all issues of fact between the parties, pursuant to the constitutional right

to have a jury trial on all such issues. Drobney v. Lukens Iron & Steel Co., 204 Fed. (C. C. A. 2nd Circuit) 11.

That the foregoing is the prevailing rule in the United States is practically admitted by appellant, who, while not conceding the correctness of it, contends that the rule is not applicable to a case like the present, where the suit is not brought to cancel a policy of insurance affording a single and complete recovery after a law action brought by the insured against the insuror thereon, but is brought to cancel a policy upon which successive actions at law may be hereafter brought, as damages under the terms of the policy accrue.

We fail to see any ground for the distinction advanced in such argument.

On the contrary, it seems to be well settled that where a suit in equity, seeking relief on the ground of a multiplicity of suits, is (as in this case) brought by a single complainant against a single defendant, equity will not interfere, until the right asserted by the plaintiff has been established by a decision in his favor of at least one action at law brought on the policy sought to be cancelled. New York Life Ins. Co. v. Marshall, 23 Fed. (2nd) 225 (C. C. A. 5th Circuit); Holland v. Challen, 110 U. S. 15; 3 Sup. Ct. Rep. 495, 28 L. Ed. 52; Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. Rep. 129, 39 L. Ed. 167; Pomeroy's Eq. Jurisprudence (4th Ed.) Sec. 253.

In addition to the rule just stated, it is also a well established principle of jurisdiction as between equity courts and law courts in such matters, that the court which first obtains possession of the controversy ought to be allowed to proceed and dispose of it without interference.

Here all the grounds for avoiding the policy set up in equity as a basis for cancellation of the instrument sued on

at law, is available to be pleaded as a defense in the law action. And, even though the nature of the policy sued on is such that other and different actions at law may be brought in the future upon the same policy, until the insuror shall have established its defense at law in at least the first of such actions, no ground for equity interference by injunction against the policy holder's suits at law, appears.

The case of Pepple v. Rogers, 104 Fla. 462, 140 So. Rep. 205, relied on by appellant, involved a negotiable promissory note capable of being separately sued on and which had been sued on, apart from the contract of which it was a part which was held by another party, and concerning which contract, equity had acquired jurisdiction for its rescission because of certain alleged equities going to the contemporaneous contract, upon which no action at law had been brought, and the bill brought in all the parties to the transaction. We do not consider this case to be within the rule there declared and followed, because the surrender and cancellation of the policy of insurance involved in this case is not essential to avoid the likelihood of a recovery thereon, because if complainant's defense of fraud is sustained as a defense to the law action, the judgment in its favor will afford adequate relief.

It follows that there was no error in sustaining defendant's motion to dismiss the bill.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.