## MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIA-TION v. JOHN HENDERSON OTT, JR., and HELEN J. OTT.

9 So. (2nd) 383                                          En Banc
July 24, 1942

Evans, Mershon & Sawyer and Herbert S. Sawyer, for appellant.

Emmett C. Choate, and Stafford Caldwell, for appellee.

ADAMS, J.:

We have before us on appeal final decrees dismissing bills in equity in two cases. One is the case of Mutual Benefit Health and Accident Association v. John Henderson Ott, Jr., and Helen J. Ott, and the other is the case of United Benefit Life Insurance

Company v. John Henderson Ott, Jr., and Helen J. Ott. The cases are identical in every respect except that the names of the insurers and the amounts set up in the policies are different. By written stipulation the cases are to be considered together under the two transcripts of record, but upon briefs and oral arguments applying equally to each case.

In this opinion we will refer to the record in the case of Mutual Benefit Health and Accident Association and the other case will be disposed of upon authority of the opinion and judgment in this case.

Appellant issued its contract of insurance on appellee, John Henderson Ott, Jr., insuring against death with additional protection of monthly disability benefits. Appellee, Helen J. Ott, was named beneficiary in the policy. Thereafter insured brought an action at law for disability benefits under the policy. Subsequent to the filing of the law action appellant filed suit in equity against both appellees for cancellation of the policy for fraud in the procurement of same. Various pleadings were filed, a temporary injunction was entered against insured from prosecuting further actions at law and the equity suit progressed to final hearing. During the pendency of the equity suit appellees caused the beneficiary to be changed (as they had a right to do) from Helen J. Ott to the estate of insured. Because of such change the chancellor held the bill without equity.

The question is where a court of equity takes jurisdiction because the legal remedy is not full and adequate, can the parties defendant then, by their own act render the legal remedy full and adequate and thereby procure a dismissal of the equity suit which in effect relegates plaintiff to the law court?

The chancellor held in effect that the matter was properly in the equity court until notice was given of change of beneficiary. This question has never been ruled upon in our state. The law appears universally settled on good authority as follows:

"The test of the jurisdicition of a court of equity is whether facts exist at the time of the commencement of the action sufficient to confer jurisdiction on the court. If plaintiff is then entitled to the aid of equity the jurisdiction will not be defeated by subsequent events which render equitable relief unnecessary or improper, or where plaintiff has established his equity but the need for equitable relief has ceased pending suit or has become impossible, as distinguished from improper. This rule is applicable, not only where the relief sought is prevented by act of the defendant, but also where the change of circumstances arises from lapse of time, rendering the specific relief unsuitable or inequitable." 30 C.J.S., 430.

Federal Reserve Bank of Chicago v. Geannoulis, 203 Iowa 1385, 214 N.W. 576; Beedle v. Bennett, 122 U.S. 71, 30 L. Ed. 1074, 7 Sup. Ct. 1090; Dawson v. Kentucky Distilleries Company, 255 U.S. 288, 65 L. Ed. 638, 41 Sup. Ct. 272; Jefferson Standard Life Insurance Company v. Keeton, 292 Fed. 53; Oregon Growers' Co-op. Ass'n. v. Riddle, 116 Oregon 562, 241 Pac. R. 1011. Upon authority of Isom v. The Equitable Life Assurance Society, 138 Fla. 260, 189 So. 253, the equity court was a proper forum.

The decree is reversed for further proceedings consistent with law and equity.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.

WHITFIELD, BUFORD and CHAPMAN, JJ., dissent.

BUFORD, J., dissenting:

In the majority opinion prepared by Mr. Justice ADAMS the two cases now under consideration are referred to and the manner in which they come before us is stated.

I find myself unable to concur in the majority opinion, supra. It will be noted the jurisdiction was first acquired by law court and that this suit was to enjoin the exercise of that jurisdiction and for other relief dependent entirely on the existence of the grounds for injunction, viz: the fact that one who might become entitled to maintain an action under the policy as a contingent beneficiary was not a party to the law action and could not be bound by its result.

On February 2, 1940, appellant issued a health and accident policy to the appellee John Henderson Ott, Jr., with death benefits of $5,000.00 and $10,000.00 and monthly disability benefits of $2,000.00 and $4,000.00, with certain other specified coverages. The above statement indicates that the policy contained a double indemnity clause. The insured had on January 24, 1940, signed an application for said insurance, a copy of which application was attached to the policy which contained the following language:

"The copy of the application attached hereto is hereby made a part of this contract and this policy is issued in consideration of the statements made by the Insured in the application and the payment in advance of Thirty-two (32.00) Dollars as first payment; and the payment in advance and acceptance by the Association, of premiums of Twenty-two ($22.00) Dollars per quarter thereafter" etc.

Question No. 18 of the application was:

"Do you hereby apply to the Mutual Benefit Health and Accident Association for a policy to be issued solely and entirely in reliance upon the written answers to the foregoing questions . . . ?"

To this question the questionnaire showed the answer to have been "Yes."

Question No. 11 was: "Have you ever had hernia?" and the answer to that question was "No."

Question No. 12 was:

"Have you ever had any of the following diseases: Rheumatism, neuritis, arthritis, sciatica, epilepsy, appendicitis, diabetes, any kidney trouble, cystitis, any disease of the brain or nervous system, heart disease, tuberculosis, bronchitis, gall bladder trouble, any stomach trouble, any intestinal trouble, cancer, syphilis, high or low blood pressure, tonsilitis, rectal trouble, malaria?"

And the answer to that question was "None."

Question No. 13 was:

"Have you received medical or surgical treatment or had any local or constitutional disease not mentioned above, within the last five years?" (Answer as to each)"

The answer to this was, "None except colds."

Question No. 15 was:

"Do your average monthly earnings exceed the monthly indemnity payable under the policy now applied for and under all other disability insurance now carried by you?"

And the answer to that was "Yes."

There was also propounded in the application the following: "What are your average monthly earnings?" to which the answer was: $750.00 or more."

On February 20, 1941, the insured filed an action at law against the insurer in the Civil Court of Record in and for Dade County, Florida, seeking to enforce payment to him by the appellant of disability benefits from March 18, 1940, to February 20, 1941, which claim with interest and attorneys' fees amounted to something more than $2,900.00.

On July 31, 1941, the insurer filed its bill of complaint in the Circuit Court of Dade County, Florida, praying cancellation and rescission of the policy issued on the aforementioned application and for injunction prohibiting the insured from instituting or maintaining any suit at law to enforce any alleged claim under the policy and for a declaratory judgment alleging that all the answers to the above mentioned questions were false, untrue and misleading and known so to be by the appellant, but that they were not known to be false and untrue by the insurer until subsequent to April 4, 1940. The bill alleges that the insurer promptly cancelled the policy upon learning of the alleged falsity of the answers and declared it null and void and gave notice to Mr. Ott of said cancellation on June 10, 1940, and that on that date it also returned to him a draft for the sum of $54.00 and that Ott received and retained the draft. The bill does not allege that Ott ever cashed the draft or received the money on it or accepted the same in settlement for his rights under the policy.

Upon initial hearing the court denied temporary injunction. Motion to dismiss the bill of complaint

was filed on September 1, 1941, and, on hearing, motion was denied.

Answer was filed October 1, 1941, in which the insured denied the allegations of the bill of complaint except the issuance of the policy. The bill was amended on October 7th, 1941. The application was again made for the entry of a temporary restraining order which was granted on October 8th.

Motion to dismiss the amended bill was denied on November 5, 1941. Bill of particulars was filed on November 14, 1941, in response to order on motion that same be required.

Insured's answer to the second amended bill of complaint was filed on November 25, 1941. The answer denied the allegations of the bill of complaint as amended and alleged that as of October 14, 1941, the beneficiary of the policy had been changed so that in lieu of Helen J. Ott, the wife of the insured, the Estate of the insured was made the beneficiary, by direction of the insured and the former beneficiary Helen J. Ott.

The answer included a motion to dismiss which motion to dismiss was predicated on the allegation that on October 14, 1941, the insured and the beneficiary originally named in the policy had directed the insurer to change the beneficiary so that the Estate of the Insured would be the beneficiary as it was alleged was provided to be done by the terms of the policy.

On February 27, 1942, notice of final hearing on insured, the defendant in the chancery suit. The matter was not set down on this notice. On March 4th notice was withdrawn by the insurer and a motion to enlarge time for taking testimony and for the appointment of a special master was filed supported

by affidavit under date of March 11, 1942. Affidavit resisting this procedure was filed on March 6, 1942 and on the same day notice was given setting the cause down for final hearing.

On March 10, the insured filed motion praying entry of final decree. On March 13, 1942, final decree was entered which, inter alia is as follows:

". . . the court having heard argument of counsel on the 9th day of March, 1942, in reference to plaintiff's motion, and the court having read the several pleadings in this cause, and having examined the several affidavits filed by counsel for plaintiff and counsel for defendant; and having read the sworn answer to the amended bill of complaint filed by the defendants and the exhibit thereto, and having read the sworn motion to dissolve the temporary restraining order filed by defendants and the exhibits thereto, and having advised with counsel in reference to the several facts set forth in said answer, motions and exhibits, and having read the affidavit of defendants filed in resistance to the granting of the temporary restraining order; and the court being fully advised in the premises, the court finds that the time for taking testimony in this cause expired at the close of day on March 6, 1942, and that the motion for extension of time was filed within that time, but that action thereon should be considered with all other pending motions; upon examination of defendants' verified motion to dissolve the said temporary restraining order, which motion was filed herein on December 11, 1941, and defendants' verified answer to the amended complaint, the court is of the opinion that the motion for dissolution of the temporary restraining order should be granted, for the reason

that it affirmatively appears that the defendant John Henderson Ott, Jr., and the defendant Helen J. Ott, have, by virtue of the terms of the policy of insurance which is the subject matter of this suit, changed the beneficiary under that policy from Helen J. Ott to the Estate of John Henderson Ott, Jr., and having so changed the beneficiary there remains no reason why a court of equity should interfere with the common law suit described in plaintiff's complaint as amended, . . . . And the court being of the opinion that the same considerations which move the court to dissolve the temporary restraining order do and would challenge the sufficiency of the amended bill of complaint as a whole, for the reason that the parties admit that the defendants have notified the plaintiff of a change of beneficiary, and that the named beneficiary consented to such change, which under the policy is all that is required in order to effect such a change, and that the change having been made the bill as amended states no cause of action for equitable relief such as may have existed before change of beneficiary was affected, and that therefore the bill of complaint as amended should be dismissed and the plaintiff should be required to present its defenses in the common law action." Appeal was taken from that order.

Appellant has posed three questions, as follows:

"1. Bill of complaint for cancellation and rescission of insurance policy and for declaratory judgment on the ground of fraud sets out the answers to questions in the application for insurance, in consideration of which the policy was issued. The application was made a part of the policy. The answers have to do with applicant's health and physical condition and are

alleged to have been false, untrue and misleading and known by the applicant so to have been at the time he made them, but the falsity of same were unknown to the insurer which would not have issued the policy if it had been informed of the real facts. Motion to dismiss the bill was denied; answer denying the falsity of the statements was filed; amendment to bill was filed; another motion to dismiss was denied; answer was again filed denying the falsity of said statements and alleging an attempted change of beneficiary from wife of assured to his Estate some forty-five days after suit was instituted; the insurer had served notice on the assured of cancellation of the policy for fraud before suit was brought. Equity Having Taken Jurisdiction, Should the Court, on its Own Motion, Dismiss the Bill without Adjudicating the Rights of the Parties?"

"II. In declaratory judgment suit, plaintiff seeks to have insurance policy cancelled and rescinded in which equity court has entered temporary restraining order, restraining the prosecution of pending common law action in the State Court and prohibiting the institution of other such actions, which order, when entered, was supported and resisted by affidavits, Should the Said Order Be Dissolved Because the Insured Thereafter Attempted to Change the Beneficiary of the Insurance Policy from His Wife to His Estate?"

"III. In an equity suit which comes to issue on the 6th day of December, 1941, in which definite allegations of fraud are made on the one side and denied on the other, and the case cannot be decided without testimony, and application is made before the time for taking testimony had expired for enlargement of time to take testimony, which application was supported

by affidavit of counsel showing good cause, Should Plaintiff Be Allowed Reasonable Time in Which to Take Testimony?"

The appellee states the questions which he says are to be answered in disposing of these cases as follows:

"First Question. Did the bill of complaint as amended state a cause of action cognizable in equity so as to withstand the motion to dismiss made a part of the amended answer?"

"Second Question. Did a change of circumstances caused by a change of beneficiary under the insurance policy from the wife of insured to the Estate of insured defeat the jurisdiction of the court of equity?

"Third Question. After the lapse of ninety days from the date the equity cause became at issue, was the court below bound to grant an extension without the showing of good cause or unavoidable reason on the part of the plaintiff below?"

Helen J. Ott was an original contingent beneficiary under the policy, being a beneficiary only in the event of the death of the insured "through accidental means." In all other conditions covered by the policy the insured was the beneficiary under the policy.

Clause 13 of the policy provided that consent of the beneficiary should not be required to effectuate a change of beneficiary. The record shows, however, that the beneficiary was changed by the insured by written notice to the insurer on October 14, 1941, and that the original beneficiary, in writing signed by her, consented to the change.

So it is, we see by reference to the record that after the policy was issued and while the same was in force the insured filed claim for indemnity under the policy. The insurer then attempted to cancel the

policy by alleging that same was procured by fraud, and sent insured a draft or check representing the premiums paid. The insured ignored this draft and thereafter filed suit at law to recover the amount alleged to be due under the terms of the policy. Instead of proceeding with the defense and disposition of suit at law (in which the allegations of fraud set up in the bill of complaint, if sufficient to vitiate the policy, would have constituted a complete defense), the insurer filed this suit for the purposes stated, supra.

With these facts before us, the insurer contends that the case is to be controlled by our opinion and judgment in the case of Ison v. the Equitable Life Assurance Society of the United States, 138 Fla. 260, 189 Sou. 253, and cases there cited, while the insured contends that it is to be controlled by our opinions and judgments in the cases of Ocean Accident & Guarantee Corporation v. Tucker, 112 Fla. 401, 150 Sou. 606; Winer, a widow, v. New York Life Insurance Co., 130 Fla. 115, 177 Sou. 224 and cases there cited.

We think there is no conflict between the enunciations in the Isom case and those in the Tucker case and the Winer case. In the Isom case the right of the insurer to maintain a suit in equity for cancellation and to enjoin law actions was based primarily upon the fact that the policy named a beneficiary who would not be bound by the judgment in the law action and who might thereafter become vested with prima facie rights under the policy to sue the insurer. That was the controlling difference between that case and the Tucker case and the Winer case.

The only difference between the cases here under consideration and the Isom case is that in these cases

the beneficiary who would not be bound by the judgment against the insured was eliminated, with her consent, by change in beneficiary before answer to the bill of complaint as amended was filed and that fact was set up in answer.

The insurer can not complain of a change by which it was not injured. There can be no question that the fraud alleged in the bill of complaint may be set up as a plea in bar in the law action and if the judgment is in favor of the defendant on that issue, then the plaintiff will be estopped by judgment to maintain any other suit on that policy. It is also beyond question that the latter named beneficiary, i.e. the Estate of the insured, will be likewise bound by the judgment. A judgment which is rendered during the life of a testator or an intestate in a suit in which he is a party is conclusive against his executor or administrator. 34 C.J. 1038 Sec. 1472 and authorities there cited.

We are not unmindful of the rule that injunction will not be dissolved on allegations of an answer setting up new equities *not responsive* to the bill of complaint, (Indian River Steamship Co. v. East Coast Transportation Co., 28 Fla. 387, 10 Sou. 480 and cases there cited) but we do not think this case comes within that rule. The allegations here are responsive to the bill of complaint, though the change alleged occurred subsequent to the filing of the bill of complaint. The effect was the same as that which would have obtained, had the beneficiary died and by that event the Estate of the insured had become the beneficiary. The result of either event would have been to eliminate that condition which caused the result

in the Isom case to be different from the result reached in the Tucker case and in the Winer case.

We think on all questions presented the principles enunciated in the Tucker case, supra, and in the Winer case, supra, are applicable here.

Appellant in effect contends that the order and decree should be reversed because of the well recognized rule that when equity has once assumed jurisdiction it will retain jurisdiction to dispose of all questions involved in the litigation between the parties, although the ground of equitable cognizance on which jurisdiction was assumed has ceased to exist.

The appellee, recognizing this as a general and salutary rule, contends that there are cases, such as this, in which that rule should yield and fall when its enforcement will result in depriving a party of his constitutional right to trial by jury in a law action of the issues involved and where the relief in such law action will be full, adequate and complete. We concur with this view. An examination of the pleadings in this case fails to disclose any reason for the court to exercise its jurisdiction resulting in a declaratory decree under the provisions of Chapter 7857 Acts of 1919, Sec. 4953 et seq. C.G.L.

Every issue presented and every right sought to be enforced under the pleadings in this suit as they stood when the restraining order was dissolved and the cause dismissed may be fully and adequately disposed of in the law action which was pending when this suit was filed.

WHITFIELD and CHAPMAN, JJ., concur.