106 So.2d 87 (1958)
Jack CARNER and Jay Sobel, individually and as co-partners, d/b/a Carner and Sobel, Appellants,
v.
Herman C. SHAPIRO, Appellee.
No. 158.
District Court of Appeal of Florida. Second District.
June 25, 1958.
Rehearing Denied July 28, 1958.
*88 Tobias Simon, Miami, for appellants.
Coleman & Leonard, Fort Lauderdale, for appellee.
SMITH, CULVER, Associate Judge.
The appellants here were the defendants below and the appellee was the plaintiff. The parties will be referred to as they stood in the lower Court.
Defendants were the owners of a building, and in 1952 they leased a portion of the first floor to the plaintiff. In July, 1954 the defendants employed a contractor to remodel the upper stories into offices. This project was completed in November, 1954. In August, 1954 plaintiff brought an action in equity, seeking to enjoin the defendants from proceeding, asking for a declaratory decree and for a rescission of his lease. Final hearing was not had until after the completion of the work.
The Court below entered its Final Decree finding, among other things that "at this late date it would work an injustice on the Defendants to grant Plaintiff's prayer for a mandatory injunction." The Court denied equitable relief, but awarded damages to the plaintiff for loss of use of the premises, damage to merchandise, and for damage to ceiling and plate glass. Thereafter, the Court entered an order supplying an omission in the record. This was a stipulation entered into between counsel to the effect that the Court could enter judgment for damages, if any were found to have occurred, irrespective of whether or not the Court granted the equitable relief asked in the Complaint.
The defendants rely upon three principal points for reversal. The first of these asks whether a Chancellor may make an award of monetary damages after denying all equitable relief. Involved in this point is the validity of the Stipulation mentioned, which the defendants contend is of no effect because it seeks to confer jurisdiction to award damages, when such jurisdiction, according to defendants, did not exist. There cannot seem to be any question about this case being a proper one, at the outset, for equitable relief. None was granted because of the lapse of time between the filing of the suit and the final hearing. Meanwhile, the defendants had the very work completed which the plaintiff sought to enjoin. Grounds for equitable jurisdiction were proven but, as the Chancellor said in his final decree, the granting of an injunction at that date would have worked an injustice on the defendants. The Florida authorities relied upon by the defendants seem to be those in which the plaintiff was unable to establish his right to equitable relief in the first instance. Such is not the situation here. The Florida Supreme Court, in the case of Winn & Lovett Grocery Co. v. Saffold Brothers Produce Co., 121 Fla. 833, 164 So. 681, 683, held as follows:
"Where a cause within the jurisdiction of a court of equity is begun in good faith, and it thereafter appears that, by reason of the acts of the defendant, the equitable remedy that is due to complainant is impossible to be carried out, the court may decree money compensation in lieu of such other remedy." (Citations omitted.)
In the case of Mutual Benefit Health and Accident Association v. Ott, 151 Fla. 185, 9 So.2d 383, 384, the Supreme Court of Florida held:
"The test of the the jurisdiction of a court of equity is whether facts exist at the time of the commencement of the action sufficient to confer jurisdiction on the court. If plaintiff is then entitled to the aid of equity the jurisdiction will not be defeated by subsequent events which render equitable *89 relief unnecessary or improper, or where plaintiff has established his equity but the need for equitable relief has ceased pending suit or has become impossible, as distinguished from improper. This rule is applicable, not only where the relief sought is prevented by act of the defendant, but also where the change of circumstances arises from lapse of time, rendering the specific relief unsuitable or inequitable."
We hold that the instant case is governed by the rules in the two cases cited. Having so held, it is not necessary to consider the stipulation between counsel.
Defendants' second point raises the question of whether monetary damages may be awarded for breach of an implied covenant of quiet enjoyment where there has been no eviction and the tenant has never surrendered possession. The Chancellor in his decree finds that no constructive eviction took place, but that the defendants violated their covenant of quiet enjoyment. This violation is very clearly and forcefully shown in the record, and amounted almost to complete destruction of plaintiff's right to do business while the alterations were being performed. Authorities are in conflict concerning the necessity of abandonment by the tenant, and our Supreme Court has not passed on the precise point. Under the circumstances of the present case, where plaintiff operated a retail clothing establishment, it would seem unjust to require him to cease operating his business in order to recover damages.
A case having similar facts to the one we are now considering is Winchester v. O'Brien, 266 Mass. 33, 164 N.E. 807, 809, 64 A.L.R. 895. The plaintiff in that case was the lessee of a small suite of offices on the ground floor of the landlord-defendants' building. Defendants began a remodeling job of the floors above the first. Plaintiff, among other things, complained of the noise emanating from the area of construction, and obstruction of easy access to his office. The trial court denied plaintiff injunctive relief (his lease expired while the action was pending) but he was awarded $650 damages  $150 for damage to his property and $500 for the loss of income. In affirming the judgment of the lower court the Supreme Judicial Court of Massachusetts stated:
"If a landlord authorizes acts to be done which cause substantial injury to the tenant in the peaceful enjoyment of the demised premises and such a result is the natural and probable consequence of the acts so authorized, the landlord is liable therefor."
In answer to defendants' contention that a tenant cannot maintain an action at law for breach of covenant for quiet enjoyment so long as he remains in possession the court announced that:
"This suit falls within the class of cases where a tenant may remain in possession and seek relief against the landlord for wrongful interference with his rights as a tenant because the acts are wrongful invasions of such rights."
We agree with the conclusions reached in Winchester v. O'Brien, supra and hold that they apply here.
Defendants' third point is that since they employed an independent contractor to perform the work, they are not liable for resulting damage. The court below found that the defendant could not escape liability by reason of employing an independent contractor because the damage to plaintiff resulted from work which necessarily was required to be done under the contract. In 32 Am.Jur. § 280, page 262, it is stated as follows:
"The test of the landlord's liability in such case is whether or not the independent contractor might have performed the contract with the lessor without trespassing upon the leased premises or interfering with the lessee's enjoyment thereof."
*90 In National Rating Bureau, Inc., v. Florida Power Corp., Fla. 1956, 94 So.2d 809, 813, the Court held:
"The independent contractor doctrine does not relieve the employer of responsibility for the negligent acts of the contractor where the work to be done under the contract, of itself, operates to injure the property of another."
In this connection see also Maule Industries, Inc., v. Messana, Fla. 1953, 62 So.2d 737. There is ample evidence in the record to sustain the Chancellor's findings of fact on this point. Defendants argue that there is no evidence which makes any showing of negligence, and therefore they are not liable. Even if such were the case, it would tend all the more to show that the work necessary to be performed resulted in damage to the plaintiff.
No error having been made to appear, the decree appealed from is affirmed.
KANNER, C.J., and ALLEN, J., concur.