PEARSON, TILLMAN, Chief Judge.
The appellant, defendant below, seeks review of an adverse summary final decree.[1] The facts are largely undisputed. Joseph E. Thomas, now deceased, and Martha J. Thomas, his wife, owned certain real property. Being about to leave the country they appointed the appellant, Joseph’s father, their attorney in fact to effect a sale of the property. The appellant placed the proceeds of the sale in a joint savings account in his and his son’s names and so advised his son. Subsequently, without informing his son, he transferred the money to an account in his own name. After the death of the son this action was brought. It sought: (a) a declaration that the proceeds of the sale were held by the appellant in trust, and (b) tracing of the trust funds and the profits derived thereform. The appellant answered denying that the proceeds were held in trust and alleging as an affirmative defense that they were a gift to him from his son. Discovery was had and both parties moved for summary final decree. After hearing, the chancellor entered the final decree appealed declaring the funds to be held in trust by the appellant and ordering their payment to the appellee by a certain date.
The appellant contends the chancellor erred in denying his motion to transfer this cause to the law side. We find this contention to be without merit. The appellant analyzes the complaint as a simple demand for money judgment. After all, he says, what could the appellee hope to *337 get but the money? This is not the test of equity jurisdiction. The test of equity jurisdiction is whether such facts exist at the time of the commencement of the action as are sufficient to confer jurisdiction on the court. Even where subsequent events render equitable relief unnecessary or improper equity jurisdiction is not defeated. Carner v. Shapiro, Fla.App.1958, 106 So.2d 87; Mutual Benefit Health and Accident Ass’n v. Ott, 151 Fla. 185, 9 So.2d 383. It is our conclusion that facts existed at the commencement of this action which entitled the appellees to the aid of a court of equity in accordance with the tenor of the demands made in their complaint.
 The appellant further contends it was error to enter a summary decree in this action due to the presence of a genuine issue of material fact. He defines the issue: Did the dead son make a gift of the proceeds of the sale to his father? We find this contention also to be without merit. This issue was made by the affirmative defense in the answer. It was supported solely by the bare assertion of the defendant. The facts contained in the record give rise to a presumption of a resulting trust. See Wadlington v. Edwards, Fla. 1957, 92 So.2d 629; Walker v. Landress, 111 Fla. 356, 149 So. 545; Bogert, Trusts & Trustees, § 451. This presumption having arisen could only be overcome by strong and convincing evidence. See Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356. The unsupported assertion of gift by the person who received the funds was not sufficient to raise a genuine issue of material fact where nothing in the record supported such an assertion. Rule 1.35(c), Florida Rules of Civil Procedure, 30 F.S.A.
We have examined the record in the light of the remaining points presented by the appellant and we hold that no reversible error has been shown.
Affirmed.

. A previous appearance of this cause on interlocutory appeal may be found at 143 So.2d 227.