188 So.2d 893 (1966)
OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania Corporation, Appellant,
v.
William Edward MONSEES, Jr., Appellee.
No. 165.
District Court of Appeal of Florida. Fourth District.
July 28, 1966.
*894 James A. Smith, of Wicker, Smith, Blomqvist Hinckley & Davant, Fort Lauderdale, for appellant.
Jim Moore, Fort Lauderdale, for appellee.
SMITH, Chief Judge.
Old Republic Insurance Company appeals a judgment awarding attorney's fees to appellee, William Edward Monsees, Jr.
Monsees filed a complaint in the Court of Record for Broward County claiming that Old Republic owed him for the amount of his damages to his automobile as the result of a collision which occurred while a policy of insurance was in effect issued by Old Republic to Monsees wherein Old Republic promised to pay Monsees for the loss which he sustained. Monsees also sought a reasonable fee for the services of his attorney in prosecuting his claim. After the court of record obtained jurisdiction of Old Republic a complaint in chancery in the Circuit Court for Broward County was filed by Old Republic alleging fraud perpetrated by Monsees on it in procuring the insurance policy and praying for a decree declaring the policy void. The circuit court dismissed the cause without prejudice upon a finding that the court of record first assumed and had jurisdiction of the action at law between the parties and that Old Republic had an adequate remedy for determination of the issue presented in the circuit court by way of defense of the law action then pending in the court of record. See Ocean Accident & Guarantee Corp. v. Tucker, 1933, 112 Fla. 401, 150 So. 606. The circuit court thereafter entered final judgment in favor of Monsees and against Old Republic, dismissed the cause and awarded Monsees a reasonable fee for his services in the circuit court action. The judgment in the court of record action, based upon a jury verdict, was in favor of Old Republic. This appeal is from the circuit court judgment. Old Republic contends that court erred in awarding an attorney's fee to Monsees.
F.S.A. § 627.0127 provides:
"Attorney fee  Upon the rendition of a judgment or decree by any of the courts *895 of this state against an insurer in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary, a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. * * *"
By virtue of that statute its terms become in effect a part of every insurance policy issued in Florida. Orlando Candy Co. v. New Hampshire Fire Ins. Co., S.D. Fla. 1931, 51 F.2d 392, and Pendas v. Equitable Life Assurance Society of the United States, 1937, 129 Fla. 253, 176 So. 104, 112 A.L.R. 1051. The final judgment dismissing the cause of action does meet the first part of the statute, that is, it is a judgment against an insurer in favor of an insured under a policy executed by the insurer. The concluding part of the statute directs that the court shall adjudge against the insurer and in favor of the insured "a reasonable sum as fees or compensation for the insured's * * * attorney prosecuting the suit in which the recovery is had." In this action Monsees made no recovery in the sense of obtaining money damages, but Monsees did successfully defend the circuit court action even though the termination was not an adjudication on the merits. In the usual and ordinary sense of the word a successful defendant in an action obtains a judgment in his favor and the judgment is against the unsuccessful plaintiff. The words "prosecuting the suit in which the recovery is had" are not limited to those actions wherein the successful party was the plaintiff. In Peninsular Life Ins. Co. v. Howard, Fla. 1954, 72 So.2d 389, the court approved the allowance of an attorney's fee on a judgment entered upon a counterclaim by the insured filed in a suit for declaratory decree action by the insurer. The application of the statute is not limited to suits for the recovery of money. Continental Casualty Co. v. Giller Concrete Co., 5th Cir.1941, 116 F.2d 431. The purpose of the statute is to discourage the contesting of insurance policies in Florida. Salter v. National Indemnity Co., Fla.App. 1964, 160 So.2d 147.
The judgment appealed was a final adjudication of the cause in the circuit court, and even though the ultimate adjudication on the merits of the cause tried in the court of record was in favor of Old Republic, nevertheless, the circuit court properly made an award to Monsees of a reasonable attorney's fee for his successful defense of the circuit court action. His "recovery" was total and complete even though it was necessarily limited to costs, attorney's fees and dismissal of the cause.
Monsees has filed his motion for allowance of reasonable attorney's fees on appeal. The statute is applicable only in the trial court, and it does not authorize the allowance of attorney's fees for an appellee on appeal of a judgment rendered in favor of an insured and against the insurer. Boston Insurance Company v. Smith, Fla.App. 1963, 149 So.2d 68. An order will be entered denying the motion for attorney's fees in this appeal.
Affirmed.
ANDREWS, J., and WADDELL, Jr., THOMAS R., Associate Judge, concur.