PER CURIAM.
Thomas Baiun appeals from a final summary judgment and an order denying his motion for rehearing or relief from judgment in an action upon a promissory note.
Acting pro se, the appellant filed an answer to the complaint, alleging the affirmative defense of accord and satisfaction. Appellee then filed a motion for summary judgment with no affidavits or other evi-dentiary support. On October 11, 1988, in a hearing unattended by the appellant, the court granted the motion and entered final judgment on November 9, 1988.
The proceedings below are fatally defective for two reasons. First, a movant for summary judgment must support the motion with admissible evidence. Mutual of Omaha Ins. Co. v. Eakins, 337 So.2d 418 (Fla. 2d DCA 1976); Rule 1.510(c) Florida Rules of Civil Procedure. Second, it *258 was the duty of the appellee to disprove or establish the legal insufficiency of the appellant’s affirmative defense. Stewart v. Gore, 314 So.2d 10 (Fla. 2d DCA 1975).
We, therefore, vacate the final judgment and remand this cause to the trial court for further proceedings.
RYDER, A.C.J., and PARKER and PATTERSON, JJ., concur,