NORTHCUTT, Judge.
 

 Coral Wood Page, Inc., and Tina and Derek Woods appeal an adverse summary judgment awarding over $700,000 in damages to them landlord, GRE Coral Wood, LP. The circuit court granted the summary judgment after improperly shifting the burden to the nonmoving party. Accordingly, we reverse.
 

 GRE owns a shopping center in which Coral Wood Page leased premises for a sports-themed restaurant and bar. The Woodses personally guaranteed the lease. Not long into the contract, GRE filed a multicount complaint for eviction and damages, including unpaid and accelerated rent under the lease. The tenants filed an answer with affirmative defenses, asserting . that GRE breached its covenant of quiet enjoyment and claiming a set-off for monies GRE allegedly owed. Specifically, the tenants alleged that GRE hired off-duty police officers to act as security for the common areas of the shopping center and that the officers harassed the tenants’ customers “by parking multiple marked police vehicles directly in front of the entrance of [the leased] premises and by stalking/harassing their customers by approaching customers as they exit the premises to conduct a visual inspection of each person in a menacing fashion.” The tenants also complained that GRE failed to correct the situation despite numerous requests. As a second affirmative defense, the tenants claimed a set-off for $21,000 that they alleged was due under a tenant improvement allowance in the lease.
 

 After eviction was granted, GRE filed a motion for summary judgment on damages and an affidavit that set forth facts relating to the tenants’ breach of the lease and
 
 *253
 
 their failure to pay money owed under the lease. The affidavit was completely silent with regard to the facts alleged in the tenants’ affirmative defenses. At the summary judgment hearing, the circuit court agreed with GRE’s argument that summary judgment was warranted because the tenants did not file any affidavits or other evidence. This was error.
 

 Summary judgment is proper only where the moving party shows conclusively that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.
 
 Holl v. Talcott,
 
 191 So.2d 40, 48 (Fla.1966); Fla. R. Civ. P. 1.510(c). When the nonmoving party has alleged affirmative defenses, the moving party must conclusively refute the factual bases for the defenses or establish that they are legally insufficient.
 
 Morroni v. Household Fin. Corp. III,
 
 903 So.2d 311, 312 (Fla. 2d DCA 2005). “The burden of proving the existence of genuine issues of material fact does not shift to the opposing party until the moving party has met its burden of proof.”
 
 Deutsch v. Global Fin. Servs., LLC,
 
 976 So.2d 680, 682 (Fla. 2d DCA 2008). As we have mentioned, GRE wholly failed to address the affirmative defenses in the affidavit filed in support of summary judgment. Without question, therefore, GRE did not carry its burden by factually refuting the defenses.
 

 On appeal, GRE challenges the legal sufficiency of the tenants’ first affirmative defense based on the alleged breach of the covenant of quiet enjoyment. “Absent any inconsistent express covenants to the contrary, every lease carries an implied covenant of peaceable and quiet enjoyment.”
 
 McClosky v. Martin,
 
 56 So.2d 916, 918 (Fla.1951) (citing
 
 Hankins v. Smith,
 
 103 Fla. 892, 138 So. 494 (1931)). GRE argues that the tenants could not maintain this defense without proving a claim of constructive eviction. That is incorrect. As this court has recognized, a tenant may claim damages based on a breach of the implied covenant of quiet enjoyment even where the landlord’s actions did not rise to the level of eviction and the tenant remained in possession.
 
 Carner v. Shapiro,
 
 106 So.2d 87, 89 (Fla. 2d DCA 1958).
 

 GRE also contends that the covenant of quiet enjoyment did not encompass the common areas that were patrolled by its security. This argument fails because the tenants alleged that the security force directly harassed their patrons and interfered with their use of the leased premises. In
 
 Camer,
 
 the tenants leased a portion of the first floor, and the landlord was found to have breached the covenant of quiet enjoyment by its remodeling of upper floors. 106 So.2d at 88. We also reject GRE’s assertion that it was not responsible for the actions of those it hired. “If a landlord authorizes acts to be done which cause substantial injury to the tenant in the peaceful enjoyment of the demised premises and such a result is the natural and probable consequence of the acts so authorized, the landlord is liable therefor.”
 
 Carner,
 
 106 So.2d at 89 (quoting
 
 Winchester v. O’Brien,
 
 266 Mass. 33, 164 N.E. 807, 809 (1929)).
 

 Because GRE failed to demonstrate the absence of material fact pertaining to the tenants’ affirmative defenses, we reverse.
 
 See Orr v. Hammons,
 
 682 So.2d 614 (Fla. 2d DCA 1996).
 

 Reversed and remanded for further proceedings.
 

 SILBERMAN, C.J., and WALLACE, J., Concur.