NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SEAN M. LUCEY & LUCEY )
CORPORATION, )
)
     Appellants, )
)
v. )   Case No. 2D15-5325
)
1010 LOGIC, INC., )
)
     Appellee. )
_____)

Opinion filed January 20, 2017.

Appeal from the Circuit Court for Pinellas
County; Thomas H. Minkoff, Judge.

Kathleen S. Lucey, Saint Petersburg,
for Appellants.

Jason H. Baruch and Patrick M. Chidnese
of Holland and Knight LLP, Tampa,
for Appellee.


LUCAS, Judge.

       Sean M. Lucey and Lucey Corporation (collectively, "Lucey"), the

defendants below, appeal the entry of a final summary judgment entered in favor of

1010 Logic, Inc. in its breach of contract lawsuit. Lucey raises several issues on

appeal, but we find merit in only one. The circuit court erroneously entered summary

judgment on one of Lucey's affirmative defenses where 1010 Logic failed to conclusively refute that no disputed issue of material fact existed as to that defense.

The facts of this case stem from a software design and technical support agreement between Lucey and 1010 Logic concerning a project for one of Lucey's customers. Under the terms of the contract,[1] 1010 Logic agreed to provide the services of a software developer, Deepak Krishnamoorthy, to assist with Lucey's technical design and support for Lucey's customer, Belk Stores Services, from January through September 2013. In addition to describing the scope of services to be provided, the contract included qualitative requirements for Mr. Krishnamoorthy's work that would be outlined and later reviewed by one of Belk's employees, Balaji Raman.[2] According to the contract, Mr. Krishnamoorthy's services were to be performed "in accordance with the [a]greement and the service levels, specifications, and timeframes set forth in each [o]rder, and in accordance with performance measurements," and the software code he created was to "be free of defects in workmanship, design, and material." Furthermore, under the contract, Lucey would not be required to pay for any services that did not meet the contract's requirements or the standards imposed by Mr. Raman.

Dissatisfied with Mr. Krishnamoorthy's level of performance, Lucey withheld payment for the final three months of the contract and—apparently at Belk's direction—purported to terminate Mr. Krishnamoorthy's services under the contract in

---

[1]Both Lucey and 1010 Logic appear to acknowledge that the contractual documents at issue comprised both a general services agreement dated December 18, 2012, and a subsequent statement of work issued from 1010 Logic, pursuant to that agreement. We use the term "contract" in this opinion to refer to both collectively.

[2]The parties mutually agreed upon Mr. Raman's designation under the contract as the "subject matter expert" for Belk's software project.

September 2013. 1010 Logic then filed a complaint in the circuit court against Lucey for nonpayment under the contract. In response, Lucey denied breaching the contract and asserted several affirmative defenses, including the defense—albeit somewhat inartfully articulated—that 1010 Logic failed to render substantial performance under the terms of the contract.

1010 Logic filed a motion for partial summary judgment, which the court heard during a pretrial conference. In its motion, 1010 Logic sought summary judgment on its breach of contract claim and all of Lucey's affirmative defenses, and it filed summary judgment evidence, including Messrs. Lucey's and Raman's depositions, prior to the hearing. However, the motion offered only three points that were pertinent to Lucey's substantial performance defense; according to 1010 Logic, (1) Lucey had received full payment from Belk for Mr. Krishnamoorthy's work, (2) Lucey did not terminate Mr. Krishnamoorthy's service until the end of the contract, and (3) Mr. Raman expressed regret for not doing more to supervise Mr. Krishnamoorthy. For its part, Lucey never identified any summary judgment evidence, see Fla. R. Civ. P. 1.510(c), but argued at the hearing that Mr. Raman's deposition refuted 1010 Logic's summary judgment arguments as to Lucey's substantial performance defense.[3] The circuit court granted 1010 Logic's motion and entered a final judgment in its favor, but neither the

---

[3]Had Lucey complied with rule 1.510(c)'s strictures, Lucey would have had ample material within Mr. Raman's deposition to demonstrate material facts in dispute regarding this defense. In his deposition, Mr. Raman explained that there were several issues in the code Mr. Krishnamoorthy wrote; that Mr. Krishnamoorthy did not properly test the code before its implementation; that Mr. Krishnamoorthy did not meet the "business requirements that were provided to him"; that after the code "went live," additional defects were discovered; and that, had Mr. Raman himself completed the work in the same manner as Mr. Krishnamoorthy, he "would not [expect] to be . . . paid."

order granting summary judgment nor the final judgment specifically addressed any of Lucey's affirmative defenses.

Our court summarized the standard of appellate review for summary judgment rulings on affirmative defenses in Coral Wood Page, Inc. v. GRE Coral Wood, LP, 71 So. 3d 251, 253 (Fla. 2d DCA 2011):

> Summary judgment is proper only where the moving party shows conclusively that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Holl v. Talcott, 191 So. 2d 40, 43 (Fla. 1966); Fla. R. Civ. P. 1.510(c). When the nonmoving party has alleged affirmative defenses, the moving party must *conclusively refute the factual bases for the defenses* or establish that they are legally insufficient. Morroni v. Household Fin. Corp. III, 903 So. 2d 311, 312 (Fla. 2d DCA 2005). "The burden of proving the existence of genuine issues of material fact does not shift to the opposing party until the moving party has met its burden of proof." Deutsch v. Global Fin. Servs., LLC, 976 So. 2d 680, 682 (Fla. 2d DCA 2008).

(Emphasis added.) We have stated, repeatedly, that "[i]f the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." Atria Grp., LLC v. One Progress Plaza, II, LLC, 170 So. 3d 884, 886 (Fla. 2d DCA 2015) (quoting Holland v. Verheul, 583 So. 2d 788, 789 (Fla. 2d DCA 1991)); see also LoBello v. State Farm Fla. Ins. Co., 152 So. 3d 595, 598 (Fla. 2d DCA 2014) (same); Murray v. Traxxas Corp., 78 So. 3d 691, 692 (Fla. 2d DCA 2012) (same).

We cannot say that the facts before us offer a "crystallized, conclusive" record that would support summary judgment on Lucey's substantial performance defense. See Hastings v. Demming, 682 So. 2d 1107, 1110 (Fla. 2d DCA 1996). Indeed, in our view, 1010 Logic failed to meet its initial burden of disproving the

- 4 -

sufficiency of Lucey's substantial performance defense. See Rooker v. Ford Motor Co., 100 So. 3d 1229, 1231 (Fla. 2d DCA 2012) ("A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact." (quoting Landers v. Milton, 370 So. 2d 368, 370 (Fla. 1979))). 1010 Logic's observations about Lucey's receipt of full payment from its customer, the timing of the contract's termination, and a nonparty's statement about his supervision over 1010 Logic's work—essentially inferential arguments—did not conclusively refute Lucey's defense that 1010 Logic failed to render substantial performance under the terms of the contract. See Coral Wood, 71 So. 3d at 253. As the Third District explained in National Constructors, Inc. v. Ellenberg, 681 So. 2d 791, 794 (Fla. 3d DCA 1996), "[t]he question of whether there has been substantial performance . . . is normally a question of fact for the trier of fact to resolve based on all of the relevant evidence." See also Fed. Nat'l Mortg. Ass'n v. Morton, 196 So. 3d 428, 431 (Fla. 2d DCA 2016) ("[W]hether a party has substantially complied with or performed a contract term remains a question of fact.").

Accordingly, we must reverse the entry of the final summary judgment as to Lucey's substantial performance affirmative defense. However, we find no error in any of the other rulings Lucey has challenged in this appeal.

Affirmed in part; reversed in part; remanded.

NORTHCUTT and ROTHSTEIN-YOUAKIM, JJ., Concur.

- 5 -