NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GREGORY NIPPER,                       )
                                      )
      Appellant,             )
                                      )
v.                                    )          Case No. 2D18-2758
                                      )
SUNCOAST CREDIT UNION,                )
                                      )
      Appellee.              )
_____ )

Opinion filed April 26, 2019.

Appeal from the Circuit Court for Lee
County; John E. Duryea, Jr., Judge.

Adam Stevens of Powell of Jackman,
Stevens & Ricciardi, P.A., Fort Myers, for
Appellant.

Theodore J. Hamilton of Wetherington
Hamilton, P.A., Tampa, for
Appellee.


LUCAS, Judge.

        Gregory Nipper appeals a summary judgment entered against him in a

credit card collection case brought by Suncoast Credit Union (Suncoast). He argues

that Suncoast was not entitled to summary judgment because it proffered no evidence

or argument to refute his affirmative defenses that some of the charges to his credit

card account were not authorized and that Suncoast failed to mitigate its damages. From our de novo review, we must conclude that Mr. Nipper's view of the record is correct. See ALS Maxim I LLC v. Katsenko, 218 So. 3d 472, 473 (Fla. 2d DCA 2017) (noting that an appellate court reviews a trial court's entry of summary judgment de novo and that "[s]ummary judgment is appropriate 'only if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law' " (quoting Reed v. Schutz Litig. LLC, 117 So. 3d 486, 488 (Fla. 2d DCA 2013))). In order "to establish *irrefutably* that the nonmoving party *cannot* prevail were a trial to be held," id. (quoting Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So. 3d 865, 868 (Fla. 2d DCA 2011)), we have repeatedly said that a plaintiff moving for summary judgment "must conclusively refute the factual bases" for any asserted affirmative defenses "or establish that they are legally insufficient," Lucey v. 1010 Logic, Inc., 208 So. 3d 1236, 1238 (Fla. 2d DCA 2017) (emphasis omitted) (quoting Coral Wood Page, Inc. v. GRE Coral Wood, LP, 71 So. 3d 251, 253 (Fla. 2d DCA 2011)); see also Morroni v. Household Fin. Corp. III, 903 So. 2d 311, 312 (Fla. 2d DCA 2005); Balun v. Tucci, 549 So. 2d 257, 257-58 (Fla. 2d DCA 1989). Because Suncoast did not meet that burden here, we are compelled to reverse the circuit court's entry of summary judgment in Suncoast's favor and remand this case for further proceedings.

Reversed and remanded.


VILLANTI and ROTHSTEIN-YOUAKIM, JJ., Concur.