PER CURIAM.
Finding the contract to be unambiguous, we affirm the trial court’s Order Dismissing Complaint with Prejudice and approve the trial court’s holding that:
Paragraph 7 of the Distributorship Agreement attached as Exhibit A to the Complaint expressly provides that it may be terminated “with or without cause” by giving to the other at least 30 days notice to that effect, and paragraph 11 of the Agreement further provides that the contractual provisions “shall prevail over inconsistent or more restrictive provisions of such [Florida] laws and regulations, when permitted” (emphasis added). Thus, the parties expressly incorporated future amendments of Florida law into their contract “when permitted” which, as to the termination issue in this case, occurred May 31, 1985 (when Chapter 85-58 effectively permitted termination without cause). See Century Village, Inc. v. Wellington, etc., 361 So.2d 128 (Fla.1978) (where contract expressly incorporated statute as “may be amended from time to time,” future statutory amendments applied to contract and “no constitutional issue of impairment of contract is raised”).
See Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla.1986); Paddock v. Bay Concrete Industries, Inc., 154 So.2d 313 (Fla. 2d DCA 1963); cf. Cycle Dealers Insurance, Inc. v. Bankers Insurance Co., 394 So.2d 1123, 1125 (Fla. 5th DCA 1981) (“Unless they are waived by the parties, the laws and statutes in effect at the time that a contract is entered into are made a part of that contract.”) Our decision on this point makes it unnecessary for us to discuss any of the other grounds for affirmance asserted by the appellee.
Affirmed.