PER CURIAM.
Plaintiffs appeal from a final summary judgment in favor of the defendant, The Florida Keys Aqueduct Authority and its insurer, Insurance Company of North America, and an order dismissing plaintiffs’ second amended complaint with prejudice as to the defendant, The City of Key West and its insurer, Insurance Company of North America. We have consolidated these appeals for efficient disposition.
The complaint arising out of the fire at the Jolly residence in Key West, Florida, was brought by Frank M. Jolly as administrator of the estate of Cora A. Jolly, deceased, under the survival statute, § 46.021, Fla.Stat., and by Frank M. Jolly, individually, and as parent and natural guardian of Michael M. and Christopher A. Jolly and by Timothy O. Jolly and Patricia E. Jolly, individually, and as relatives dependent on the decedent for support under the wrongful death statute, §§ 768.19, 20 and 21, Fla. Stat. All plaintiffs have sued for damages to their personal property.
The complaint for damages alleged that on May 25, 1973, a fire occurred at the Jolly residence. Shortly thereafter, City of Key West firemen arrived at the scene and attempted to extinguish the fire; that the fire was virtually under control and had not done substantial damage to the residence when the water in the fire truck tanks became exhausted; as a proximate result of the failure of the defendant, Aqueduct Authority, to maintain the water supply system, the firemen at the scene were unable to obtain water from those hydrants in close proximity to the Jolly residence with which to extinguish the fire; that Cora Jolly, seeing her house destroyed by fire while the firemen stood by apparently doing nothing, became aggravated and upset which, in conjunction with the heat and smoke dissipated by the fire, aggravated a pre-existing condition which resulted in her death.[1]
The complaint further alleged that by contract the Aqueduct Authority was responsible for constructing, maintaining and operating a water distribution system and keeping the same in good repair and making water available for the operation of the fire hydrants of the City of Key West, which it did not do. With reference to the negligence, the complaint against the City of Key West alleged:
“19. The CITY OF KEY WEST, on or about May 25, 1973, had a duty to provide fire protection for its citizens, their houses and businesses; that on or about said date, the CITY breached that duty by one or more of the following:
a. By failure to provide equipment necessary to its firemen to operate the hydrants in the vicinity of the Jolly residence on Patterson Avenue;
b. By failing to adequately instruct its firemen in the use of their fire fighting equipment;
*370 c. By delegating the responsibility for maintenance, construction and operation of fire hydrants and stand pipes to the
FLORIDA KEYS AQUEDUCT AUTHORITY;
d. By failure to discover the defective condition of the fire hydrant and stand pipe system;
e. By the negligence of its employees in fighting the aforesaid fire.”
In viewing the propriety of a motion to dismiss a complaint, we are confined to the consideration of the allegations thereof in light of the applicable law. The issue to be resolved here, then, is whether or not the City of Key West can be held liable for the alleged damages to the plaintiffs.
The posture of the applicable law at the time of the incident in this case [2] was that in order to hold a municipality or state agency liable for the negligent acts or omissions of its employees, the plaintiffs must allege and prove the existence of a duty owed by the person or persons charged with negligence to the person injured and that such duty is something more than the duty which is owed to the public generally and that plaintiffs have sustained some special or peculiar damage different from that sustained by the public generally. Steinhardt v. Town of North Bay Village, Fla.App.1961, 132 So.2d 764, cert. den., Fla. 1962, 141 So.2d 737; Modlin v. City of Miami Beach, Fla.1967, 201 So.2d 70. From the complaint with respect to its claims arising out of the death of Cora Jolly under the wrongful death statute and the survival statute, it is clear that the negligent acts, and responsibilities alleged to be owed by the City of Key West, were those owed to the public generally and not special or peculiar only to Cora Jolly. On the question of plaintiffs’ property damage on the Jolly premises, the complaint does not allege specific negligent acts by the firemen when the water supply became exhausted. The primary responsibility for the water supply was in the hands of the Aqueduct Authority.
Plaintiffs contend that under § 455.06, Fla.Stat., the City of Key West, by purchasing liability insurance, has waived its immunity from suit and is liable to the plaintiffs to the extent of its insurance coverage.[3] This is not so because § 455.06, Fla.Stat., specifically excludes and does not apply to incorporated cities and towns. Accordingly, the trial court was correct in dismissing plaintiffs’ second amended complaint with prejudice.
We now consider plaintiffs’ appeal from the final summary judgment for the Aqueduct Authority. The order entering summary judgment does not state the grounds therefore. The record and the second amended complaint reflect that the Aqueduct Authority was created by Chapter 21230, Special Laws of Florida, 1941, and reads in part as follows:
“AN ACT Ratifying and Confirming the Appointment of the Members of the Florida Keys Aqueduct Commission and Constituting Said Commission a Body Corporate and Politic; Prescribing and Fixing the Jurisdiction, Powers and *371 Duties of Said Commission and of Its Officers; Authorizing Said Commission to Construct, Maintain and< Operate an Aqueduct and Water Distribution Systems for Supplying Water-in the Florida Keys Area . . .
* * * * * *
Section 12. GOVERNMENTAL FUNCTION.—It is hereby found, determined and declared that the creation of the Commission and the carrying out of its corporate purposes is in all respects for the benefit of the people of this State and is a public purpose and that the Commission will be performing an essential governmental function in the exercise of the power conferred upon it by this Act;. . .”

The question thus raised is whether or not the Aqueduct Authority is liable for the acts or omissions of its employees as alleged in the complaint and shown by admissible evidence presented at the hearing on the motion for summary judgment. By the reading of Chapter 21230, it is apparent that the Aqueduct Authority is a governmental function.
Plaintiffs contend, however, that even if the Aqueduct Authority is entitled to immunity as a governmental function, by virtue of the facts in this case, it has purchased liability insurance pursuant to § 455.06(2), Fla.Stat., and has waived immunity. As a consequence of such waiver of immunity, the Aqueduct Authority is liable to plaintiffs for damages to person as well as property to the extent of such insurance coverage.
The record reflects that the Aqueduct Authority did purchase insurance from Insurance Company of North America. However, such waiver of immunity by procurement of insurance, in itself, does not establish liability in the absence of a showing that the Aqueduct Authority has committed a tort. The commission of a tort must be alleged and proved. The record reflects that from the allegations of the complaint and the evidence adduced at the hearing on the Aqueduct Authority’s motion for summary judgment, there was ample evidence for a trier of fact to find the employees of the Aqueduct Authority guilty of negligent acts or omissions. Even though a person or persons may be guilty of negligent acts or negligent omissions to act, there can be no recovery for an injury which was not a reasonably foreseeable consequence of such person’s negligence. To be foreseeable, the negligent act must be such that a person, by prudent human foresight can anticipate that it will likely result from the act or, as in this case, failure to act. Cone v. Inter County Telephone and Telegraph Company, Fla. 1949, 40 So.2d 148; Langevin v. Gray Drug Stores, Inc. of Miami, Fla.App.1968, 216 So.2d 70. The facts and circumstances surrounding Cora Jolly’s collapse and subsequent death do not lead to the inference that the Aqueduct Authority’s negligence, or for that matter the negligence of the City of Key West, was the proximate cause of her natural and probable injuries and subsequent death which would have been reasonably foreseeable by the defendants herein. Therefore, the summary judgment for defendant Aqueduct Authority as to plaintiffs’ suit under the survival and wrongful death statutes, supra, is affirmed.
This leaves for our consideration, the plaintiffs’ claim for property damage. We find that there is a genuine issue of material fact presented as to the negligence of the employees of the Aqueduct Authority as to damages to the property of the plaintiffs; and that § 455.06, Fla.Stat., waives immunity in this regard to the extent of its insurance coverage. Therefore, the summary judgment is reversed as to the property damages alone and remanded to the trial court for further proceedings.
Affirmed in part, reversed in part and remanded.

. The record reflects that Mrs. Jolly was coming home for lunch. When she neared her home and saw it burning, she immediately became upset and screamed, “Oh my lord, there is no water.” Mrs. Jolly then collapsed and died two days later.

. Section 768.28, Fla.Stat., effective July 1, 1974, provides for waiver of immunity by state agencies and municipalities in tort actions with limitations as to the amount of recovery.

. Section 455.06(2), Fla.Stat., provides : “In consideration of the premium at which such insurance may be written, it shall “ . not be entitled to the benefit of the defense of governmental immunity of any such political subdivisions of the state in any suit instituted against any such political subdivision as herein provided, or in any suit brought against the insurer to enforce collection under such an insurance contract; and that the immunity of said political subdivision against any liability described in subsection (1) hereof as to which such insurance coverage has been provided, and suit in connection therewith, are waived to the extent and only to the extent of such insurance coverage, ...”