394 So.2d 1123 (1981)
CYCLE DEALERS INSURANCE, INC., a Florida Corporation, Appellant,
v.
Bankers INSURANCE COMPANY, a Florida Corporation, Appellee.
No. 80-629.
District Court of Appeal of Florida, Fifth District.
March 11, 1981.
*1124 Jed Berman of Felder & Berman, Winter Park, for appellant.
Brian C. Harrington of Fisher & Sauls, P.A., St. Petersburg, for appellee.
COBB, Judge.
On February 28, 1977, Cycle Dealers Insurance, Inc., and Bankers Insurance Company entered into an agency agreement which appointed Cycle Dealers as an agent of Bankers for certain insurance transactions.[1] On June 8, 1978, Bankers notified Cycle Dealers that as of that date the agency agreement was terminated.
Cycle Dealers sued Bankers in a threecount complaint. Count I of the complaint alleged that the termination was in violation of section 626.471, Florida Statutes (1977),[2] since Bankers did not give Cycle Dealers 60 days notice of its intent to terminate the agreement. Count II of the complaint alleged that Bankers had violated Florida's Unfair Insurance Trade Practices Act by procuring the names of Cycle Dealers' clients prior to the termination of the agency agreement and then by communicating with those clients after the termination of the agency agreement in an attempt to induce those clients to take out policies of insurance directly from Bankers. Count III of the complaint alleged a cause of action for tortious interference with a business relationship.
Bankers moved to dismiss all three counts of the complaint. The trial court found that Cycle Dealers was bound by the termination clause contained in the agency agreement and that section 626.471, Florida Statutes (1977), was inapplicable and, therefore, dismissed Count I with prejudice. The trial court also found that the remedy provided by the Unfair Insurance Trade Practices Act is administrative and, therefore, dismissed Count II with prejudice. The trial court denied the motion to dismiss Count III. However, Cycle Dealers voluntarily dismissed Count III. The trial court then entered a final judgment in which it was *1125 ordered that Cycle Dealers take nothing from Bankers on Counts I and II, and that Count III was dismissed without prejudice. It is this order which Cycle Dealers is appealing.
Unless they are waived by the parties, the laws and statutes in effect at the time that a contract is entered into are made a part of that contract. Belcher v. Belcher, 271 So.2d 7 (Fla. 1972); H.B. Holding Co. v. Girtman, 96 So.2d 781 (Fla. 1957); 11 Fla.Jur.2d Contracts § 129 (1979). The contract involved in this appeal provided that it could be terminated at any time. However, it did not waive the statutory notice provision. Therefore, the 60-day statutory notice provision of section 626.471, Florida Statutes (1977), should have been read into the agency agreement, and the trial court erred in finding that it was inapplicable and dismissing Count I with prejudice.
On the other hand, the trial court properly dismissed Count II with prejudice. Cycle Dealers relied upon section 626.9631, Florida Statutes (1977),[3] as its basis for bringing an action under the Unfair Insurance Trade Practices Act. However, that statute only intended to preserve those causes of action that a party had available to him prior to the enactment of that Act.
Accordingly, we reverse the dismissal of Count I, affirm the dismissal of Count II, and remand for further proceedings in the trial court consistent with this opinion.
REVERSED in part; AFFIRMED in part; and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] The agency agreement involved in this case provides in part:

XII. Termination. This agreement may be terminated by either party at any time by written notice to the other party. Notice to company shall be by registered mail to the home office, 1033 34th Street North, St. Petersburg, Florida. Notice to agent shall be by registered mail to the last known address of agent.
XVI. Law Applicable. This agreement and performance thereunder shall be construed and determined according to the laws of the State of Florida.
[2] Section 626.471, Florida Statutes (1977), provides:

(1) Subject to the agent's contract rights, an insurer may terminate its appointment of any general lines agent, life agent, disability agent, or limited license agent at any time. Except when termination is upon a ground which would subject the agent to suspension or revocation of his license under section 626.611 or section 626.621, the insurer shall give at least 60 days advance written notice of its intention to terminate such appointment to the agent, except such 60 days advance notice of its intention to terminate such appointment shall not apply to a life or disability agent, either by delivery thereof to the agent in person or by mailing it postage prepaid and addressed to the agent to his address last of record with the insurer or insurer's general agent. Notice so mailed shall be deemed to have been given when deposited in a United States Post Office mail depository. As soon as possible and at all events within 30 days after terminating the appointment of an agent (other than as to an appointment terminated by the insurer's failure to continue or renew it) the insurer shall file written notice thereof with the department, together with a statement that it has given the agent notice thereof as hereinabove provided.
[3] That section reads:

The provisions of this part are cumulative to rights under the general civil and common law, and no action of the department shall abrogate such rights to damages or other relief in any court.