429 So.2d 23 (1983)
Stanley COIRA, M.D., and Karl M. Davidson, M.D., Appellants,
v.
FLORIDA MEDICAL ASSOCIATION, INC., Florida Physicians Insurance Reciprocal and Professional Insurance Management Company, Appellees.
No. 81-986.
District Court of Appeal of Florida, Third District.
February 1, 1983.
As Amended on Motion for Clarification April 19, 1983.
Montgomery, Lytal, Reiter, Denney & Searcy, Edna L. Caruso and Charles Powers, West Palm Beach, for appellants.
Thornton & Herndon and John W. Thornton and Gail V. Ferrington, Miami, for appellees.
Before HENDRY and NESBITT, JJ. and OWEN, Jr., WILLIAM C. Associate Judge.
PER CURIAM.
The summary final judgment in favor of the appellees and the underlying judgment on the pleadings are affirmed for the following reasons. First, we agree with the trial court that Part VII of Chapter 626, Florida Statutes (Supp. 1976), in effect at the time the alleged cause of action arose, did not afford an individual insured a private, civil right of action against his insurer, § 626.9641(2), Fla. Stat. (Supp. 1976); Cycle Dealers Insurance, Inc. v. Bankers Insurance Company, 394 So.2d 1123 (Fla. 5th DCA 1981). Second, although we recognize that an implied covenant of good faith and fair dealing inheres in medical malpractice insurance contracts, Spindle v. Traveler's Insurance Companies, 66 Cal. App.3d 951, 136 Cal. Rptr. 404 (1977), as it does in contracts in general, see Fernandez v. Vasquez, 397 So.2d 1171 (Fla. 3d DCA 1981), we hold that there are no material issues of fact concerning the plaintiffs' claim that the defendant insurer breached such a covenant. This is so because: (a) with respect to Dr. Coira, his original policy expired and the insurer had neither a duty to renew the policy, nor an obligation to issue a new one, see Prescott v. Mutual Benefit Health and Accident Ass'n, 133 Fla. 510, 183 So. 311 (1938); and (b) with respect to Dr. Davidson, *24 any bad faith motives for cancelling his policy are immaterial where it is not alleged that these motives conflict with the public policy of the state, compare L'Orange v. Medical Protective Co., 394 F.2d 57 (6th Cir.1968), and where the contract of insurance provides that either party may cancel it upon furnishing proper notice. Reliance Insurance Co. v. Echols, 602 S.W.2d 883 (Mo. App. 1980) (and authorities cited therein at 887-888).
Affirmed.