**Christopher B. KEEHN, Stephanie K. Haley, Gordon Charles Keehn, Robert Franklin Keehn, Plaintiffs-Appellants,**

v.

**CAROLINA CASUALTY INSURANCE CO., Defendant-Appellee.**

No. 84–3420.

United States Court of Appeals, Eleventh Circuit.

April 29, 1985.

James F. Schaeffer, Memphis, Tenn., for plaintiffs-appellants.

Toole, Taylor, Moseley & Joyner, Robert B. Parrish, Jacksonville, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, HATCHETT, Circuit Judge, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This is an appeal from the trial court's dismissal on a motion for summary judgment of the Keehns' suit to recover from the Carolina Casualty Insurance Company the amount of a judgment they had obtained for the death of their father against the insurance company's former insured. Appellee defended the action on the basis that the insurance policy had been canceled several days before the fatal accident to appellants' deceased.

On the other hand, appellants contend that the attempted cancellation was void because it was in violation of a provision of Florida's Unfair Insurance Trade Practices Act (UITPA), Fla.Stat. § 626.951 *et seq.,* specifically, Fla.Stat. § 626.9541(24)(c) (1977).

Concluding that UITPA did not create an independent cause of action in case its terms were violated, the trial court dismissed the suit.

▆▆▆ We AFFIRM on the basis of the trial court's opinion, which is appended hereto:

## APPENDIX

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER B. KEEHN, et
al., Plaintiffs,

vs.

CAROLINA CASUALTY INSURANCE
COMPANY, Defendant.

CASE NO.: 81–685–Civ–J–M

ORDER

This cause is before the Court on the Motion for Summary Judgment filed by Defendant Carolina Casualty Insurance Company "Carolina Casualty". On May 1, 1984, this Court heard oral arguments on this Motion.

The subject Motion for Summary Judgment raises three grounds. It is first argued that there is no genuine issue of law or fact as to the definition of the statutory phrase "collateral business," as contained in Florida's Unfair Insurance Trade Practices Act "UITPA", Fla.Stat. § 626.-9451(24)(c) (1977). Carolina Casualty contends that it did not require its insured to place "collateral business" within the meaning of the UITPA. Second, Carolina Casualty contends that even assuming *arguendo* that its actions violated the UITPA, said violation has no effect on its otherwise valid cancellation of the subject insurance policy in this case, since the UITPA created only an administrative remedy, not an independent cause of action. Third, Carolina Casualty argues that it never required its insured to place any collateral business with it in violation of the statute of the UITPA, but rather, only required the insured to "decide one way or the other." For the reasons set forth below, this Court grants Carolina Casualty's Motion for Summary Judgment on the second ground *supra,* and therefore does not reach the first and third issues raised by Carolina Casualty. That Order dated October 19, 1983, denying Carolina Casualty's Motion for Summary Judgment is vacated insofar as it addresses the definition or interpretation of the statutory phrase "collateral business," as contained in Fla.Stat. § 262.9541(24)(c) (1977).

The UITPA provides in pertinent part:

*Civil Liability.*—The provisions of this part [Part VIII, UITPA] are cumulative to rights under the general civil and common law, and no action of the [Insurance] department shall abrogate such rights to damages or other relief in any court.

Fla.Stat. § 626.9631 (1977). The Florida courts which have construed this provision have unanimously held that the UITPA provided no new remedy at law. *See Coira v. Florida Medical Association, Inc.,* 429 So.2d 23 (Fla.Dist.Ct.App.1983); *Cycle Dealers Insurance, Inc. v. Bankers Insur-*

*ance Co.,* 394 So.2d 1123 (Fla.Dist.Ct.App. 1981).

Plaintiffs' counsel at the hearing admitted that the holdings of the aforementioned cases would preclude the maintenance of their cause of action herein, and thus argued that these Florida courts have wrongly construed the UITPA.

In *Cycle Dealers,* an insurance company agent sued an insurance company principal alleging that a termination of agency agreement was in violation of the UITPA. The District Court of Appeal affirmed the trial court's dismissal with prejudice of that alleged cause of action. Quoting Fla.Stat. § 626.9631, *supra,* as the basis for its holding, the court stated

> [The UITPA] only intended to preserve those causes of action that a party had available to him prior to the enactment of that act.

*Id.* at 1125. *Cycle Dealers* is squarely on point.

The holding of *Cycle Dealers* has since been adopted by the Third District Court of Appeal in *Coira.* There, the plaintiff insured attempted, as have the plaintiffs herein, to bring an action premised on a purported violation of the UITPA (in that case the insurer failed to renew one insured's policy and cancelled another insured's policy). In affirming the trial court's granting of Summary Final Judgment in favor of the defendant insurer, the Court cited *Cycle Dealers, supra,* and Fla. Stat. § 626.9641(2). The later statute provides that Fla.Stat. § 626.9641 "Policyholders, bill of rights," did not create "a civil cause of action by any policyholder against any individual insurer." *Id.*

Plaintiffs' counsel argues that since Fla. Stat. § 626.9641(2) applies only to "that section," to-wit, § 626.9641, that the *Coira* decision does not control this action, which is based on Fla.Stat. § 626.9541(24)(c) (1977). Plaintiffs' argument ignores the fact that the holding in *Coira* also cited *Cycle Dealers* as supporting precedent. It thus seems clear that both Florida courts which have considered the issue have relied on Fla.Stat. § 626.9631, *supra.* That stat-

ute, by its own terms, applies to *all* of the UITPA (Fla.Stat. §§ 626.951–.99), including the alleged unfair and deceptive act complained of by Plaintiffs herein.

This Court is, of course, bound by the determination of state law by courts of that state. *Hall v. Wainwright,* 493 F.2d 37, 39 (5th Cir.1974). Accordingly, this Court holds that the UITPA affords the plaintiffs no cause of action.

In an apparent attempt to avoid the force and effect of Fla.Stat. § 626.9631, plaintiffs argue that they are not asserting a new cause of action premised upon the UITPA. Rather, they argue that theirs is a common law action for breach of the underlying contract of insurance, which contract of insurance included the UITPA since it was in effect at the inception of the insurance contract. Plaintiffs' argument is that the insurance contract, by the legal incorporation of Fla.Stat. § 626.9541(24)(c) prohibited the defendant from cancelling the insurance policy due to the insured's failure to place "collateral business."

Plaintiffs' argument, however, ignores the fact that the *entire* UITPA was incorporated into the insurance contract, including Fla.Stat. § 626.9631 and the other provisions of the statute providing an administrative remedy only for violations thereof.

The UITPA, per Fla.Stat. § 626.9561, provides:

> [a]ny person who violates any provision of this part shall be subject to the *penalties provided in s.627.381.*

(Emphasis added). The UITPA's remedy section is Fla.Stat. § 627.381 which provides in pertinent part:

> (1) The [Insurance] department *may,* if it finds that any person or organization has violated any provision of this part, *impose an administrative fine* pursuant to s.624.4211.
>
> (2) The [Insurance] department *may suspend the license* or authority *of* any rating organization or *insurer which fails to comply with an order of the department* within the time limited by such order, or any extension thereof which the

department may grant. The department shall not suspend the license or authority of any rating organization or insurer for failure to comply with an order until the time prescribed for an appeal therefrom has expired or, if an appeal has been taken, until such order has been affirmed. The department may determine when a suspension of license or authority shall become effective and it shall remain in effect for the period fixed by it unless it modifies or rescinds such suspension, or until the order upon which such suspension is based is modified, rescinded, or reversed.

(Emphasis added.) Considered as a whole, it appears that the UITPA intended to provide an administrative remedy for violations thereof, and to leave intact those civil causes of action that were available to insureds prior to the enactment of the Act.

Under Florida law, an insurer may cancel an insurance policy for any reason or any motive so long as that right is reserved in the policy. In *Winer v. New York Life Insurance Co.*, 130 Fla. 115, 177 So. 224 (1937), the Florida Supreme Court stated:

Where a valid contract of insurance has been effectuated, the company can not cancel the policy without consent of the insured, except where it may be permitted to do so by statute or by reservation in the policy itself. Such a reservation is valid, but under the general rule, it will be strictly construed against the company. *If the company has power to cancel the policy, its motive for doing so is wholly immaterial ....*

*Id.* at 226 (Emphasis added). This Court has previously held that Carolina Casualty's cancellation of the subject policy was in compliance with the terms thereof.

In sum, therefore, the UITPA affords plaintiffs no cause of action, either by its own terms or incorporation into the contract of insurance, to vitiate Carolina Casualty's otherwise valid cancellation. As the subject policy of insurance was effectively cancelled prior to the date of the accident which gave rise to the judgment sued upon by plaintiffs herein, Carolina Casualty is not liable thereon, and is, therefore, entitled to summary judgment as a matter of law. Accordingly, it is

ADJUDGED:

1. That defendant Carolina Casualty's Second Motion for Summary Judgment is hereby granted; and

2. The Clerk is hereby directed to enter final judgment for defendant in accordance with this order.

ORDERED at Jacksonville, Florida, this 25th day of May, 1984.

/s/ Howell W. Melton
UNITED STATES
DISTRICT JUDGE