[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13161
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 6, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-01791-CV-T-26-MSS

JULIE BUELL,

Plaintiff,

DIANE PANTON,
JAMEY ROBBINS-GLEASON,
JAMES CARTWRIGHT,
SAMANTHA HELMICK,
GREG GROOVER,
BOBBIE ANDERSON-SPARKS,

Plaintiffs-Appellants,

versus

DIRECT GENERAL INSURANCE AGENCY, INC.,
DIRECT GENERAL INSURANCE COMPANY,
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,
UNDERWRITERS AT LLOYD'S, LONDON,
DIRECT GENERAL CORPORATION,
DIRECT GENERAL LIFE INSURANCE COMPANY,

Defendants-Appellees,

DIRECT GENERAL FINANCIAL SERVICES, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(March 6, 2008)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

This putative class action alleging deceptive practices in the sale of insurance was dismissed for failure to state a claim. The plaintiffs now appeal. We affirm.

The essential allegation in the case is that Direct General Insurance Company, with its affiliates and underwriters, engaged in "sliding," a deceptive trade practice prohibited by the Florida Unfair Insurance Trade Practices Act (FUITPA), Fla. Stat. §§ 626.9521, 626.9541(1)(z). Sliding entails (i) representing to consumers that two insurance products must, by law, be bought as a bundle when they need not be, (ii) stating that an additional insurance product is included in a policy with no extra charge, when there is an extra charge, or (iii) selling as one product two insurance policies which need not be sold together by law, thereby

2

charging a higher premium, without obtaining the customer's informed consent.

Id. at § 626.9541(1)(z). The complaint alleged appellants bought automobile insurance from Direct General, which unlawfully slid other insurance products into their policies without obtaining informed consent. It also alleged that Direct General sold them insurance through unlicensed agents.

Appellants conceded there is no statutory cause of action under FUITPA for consumers harmed by sliding. Likewise, no statutory remedy exists in Florida for someone who buys insurance from an unlicensed agent; indeed, Florida statute explicitly provides that an otherwise-valid insurance policy is not rendered invalid because it was procured by an unlicensed agent. Fla. Stat. § 626.141.

Undeterred, appellants asserted common law claims for money had and received[1] and recission of their insurance contracts on the theory that the contracts were unlawfully entered into because of the sliding and the unlicensed sales agents. Appellants also sought certification of a plaintiff class, and sought class-wide remedies including disgorgement of premiums paid on the disputed contracts, an injunction against further violations of FUITPA, and declaratory relief. The district court dismissed the complaint for failure to state a claim without holding a

---

[1] Money had and received is "a remedy at law to recover money erroneously paid or received by a defendant when to permit the defendant to keep the money would unjustly deprive the plaintiff of his ownership of the money." Sharp v. Bowling, 511 So. 2d 363, 364-65 (Fla. Dist. Ct. App. 1987) (citations omitted).

3

class certification hearing.

The district court found that appellants' common law claims failed because plaintiffs may not evade the Florida legislature's decision to withhold a statutory cause of action for violations of the pertinent provisions of FUITPA by asserting common law claims based on such violations. We agree. Although in Davis v. Travelers Indemnity Co. of America, 800 F.2d 1050 (11th Cir. 1986), this court stated that common law remedies may be appropriate for violations of FUITPA, in so doing this court relied on Florida case law stating that any statutory violation gives rise to a common law claim in favor of the statute's perceived beneficiaries. Id. at 1051 (citing cases). Florida courts have since repudiated that principle; they now look to whether the statute was intended to create a private remedy. See, e.g, Murthy v. N. Sinha Corp., 644 So. 2d 983, 985 (Fla. 1994). Thus, Davis is not binding on this point, as we may reconsider a prior panel's interpretation of state law in light of subsequent decisions of the pertinent state Supreme Court. Venn v. St. Paul Fire and Marine Ins. Co., 99 F.3d 1058, 1066 (11th Cir. 1996).

And it is apparent that the district court correctly concluded that no common law claim should be recognized based on the alleged statutory violations. First, as the district court observed, the Florida legislature created a private cause of action for certain FUITPA violations but not others. Fla. Stat. § 624.155(1)(a). A private

remedy is not provided for sliding or for sale by unlicensed agents. This is highly probative evidence that the Florida legislature intended the violations alleged here not to give rise to any private remedy. We will not use the common law of contracts to circumvent this deliberate remedial limitation. Appellants argue that the availability of a statutory remedy should be irrelevant, as Florida common law makes rescission or restitution available to protect an innocent party from the consequences of a contract whose subject matter is illegal. But this argument runs afoul of Murthy, supra, which makes legislative intent to create a remedy paramount in determining whether a statutory violation is actionable.

Second, a statutory violation renders contracts unenforceable only where the statute expressly or impliedly so provides. See Talco Capital Corp. v. Canaveral Int'l Corp., 225 F. Supp. 2d 1007, 1013-14 (S.D. Fla. 1964), aff'd., 344 F.2d 962 (5th Cir. 1965).[2] This statute does not so provide. As to the allegations of sales by unlicensed agents, Florida law specifically provides that such contracts are enforceable. Fla. Stat. § 626.141. And although Florida statutory law does not specifically provide that contracts "slid" into another policy are valid, neither does it provide that they are void. In contrast, certain other provisions of the Insurance

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit handed down before the close of business September 30, 1981.

5

Code specifically provide that violations render the ensuing contracts or policy terms void.[3]

In short, we conclude that the Florida legislature did not intend for a private remedy to exist for the violations alleged here, and did not intend for these alleged violations to render the resulting insurance contracts void in any event. Thus, we agree with the district court that appellants' third amended complaint failed to state a basis for relief. The judgment is due to be

**AFFIRMED**.

---

[3] See, e.g., Fla. Stat. § 627.458 (policy void where indebtedness on policy exceeds loan value); Fla Stat. § 627.278 (void for non-payment of premium).