DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

WELL DONE MITIGATION, LLC, a/a/o,
LAZARO RAMIREZ ESCALONA,

Appellant,

v.

CITIZENS PROPERTY INSURANCE CORPORATION,

Appellee.

No. 2D2024-1259

_____

June 27, 2025

Appeal from the County Court for DeSoto County; Guy A. Flowers, Judge.

Rebecca A. Gallagher of Insurance Trial Lawyers, Miami, for Appellant.

Samantha Paige Mizeras and Abbi Greifeld Carr of Roig Lawyers, Jacksonville, for Appellee.


SLEET, Chief Judge.

Well Done Mitigation, LLC, as assignee of Lazaro Escalona, challenges the May 17, 2024, final judgment entered in favor of Citizens Property Insurance Corporation in Well Done Mitigation's breach of contract action. On appeal, Well Done Mitigation argues that the trial court erred in granting dismissal because the assignment of benefits

agreement tracks the requirements of section 627.7152(7)(b), Florida Statutes (2023), and the agreement was not invalid or unenforceable. We reverse because the language at issue did not violate subsection (7)(b) of the statute, but even if it had, the entire assignment agreement would not be rendered invalid and unenforceable.[1]

Lazaro Escalona's home, insured by Citizens, suffered a loss due to weather-related damage on September 27, 2022. About a month later, he entered into an assignment agreement with Well Done Mitigation wherein he assigned his insurance benefits to Well Done Mitigation in exchange for water dryout services performed on his property. The agreement included a payment terms section which stated:

> Client agrees that any portion of work, deductibles, betterment, depreciation, or additional work, requested that is not covered by insurance, must be paid for by the undersigned within net thirty (30) days of completion and that the Owner's deductible cannot be waived pursuant to Florida Statute.
>
> Client understands as the named insured that Client is still responsible for the payment of all of the following: (1) any deductible amount due under the policy; (2) any betterment ordered and performed that is approved by the named insured; (3) any contracted work performed before the assignment agreement is rescinded.

The agreement also contained a severance clause which stated that "[t]he invalidity or unenforceability of any provision of this Agreement will not affect the validity or enforceability of any of the other provisions of this Agreement, which shall remain in full force and effect."

After performing services on Escalona's property, Well Done Mitigation submitted its assignment agreement and itemized cost estimate to Citizens. Citizens acknowledged the loss, assigned an adjuster, and

---

[1] Based on our disposition, we need not address Well Done Mitigation's additional arguments raised on appeal.

completed an investigation. When Citizens denied coverage and full payment of benefits, Well Done Mitigation filed the underlying lawsuit for breach of contract, seeking to recover $31,389.22 in damages.

Thereafter, Citizens moved to dismiss the complaint with prejudice, arguing that Well Done Mitigation lacked standing because the assignment agreement failed to comply with subsections 627.7152(7)(a) and (7)(b) and therefore was invalid and unenforceable. Specifically, Citizens contended that the assignment agreement improperly allowed Well Done Mitigation to hold Escalona responsible for costs associated with "depreciation and work not covered by the insurance." It argued that because doing so was "in direct contrast to the permissible requirements of a valid assignment agreement," the assignment agreement was invalid and unenforceable and that Well Done Mitigation therefore did not have standing to sue Citizens.

Following a hearing, the trial court entered its order dismissing the case with prejudice on the basis that the assignment agreement was invalid because it included a client agreement to pay "depreciation or additional work," which was not in compliance with section 627.7152(7)(a). Well Done Mitigation filed a motion for rehearing, which the court denied, and this appeal ensued.

We review de novo the trial court's granting of a motion to dismiss as well as issues of statutory interpretation. *Air Quality Experts Corp. v. Fam. Sec. Ins.*, 351 So. 3d 32, 36 (Fla. 4th DCA 2022). When a statute is clear and unambiguous, the plain and ordinary meaning must control. *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005).

There is no dispute that because Well Done Mitigation was not a party to the insurance contract between Escalona and Citizens, the only way Well Done Mitigation could have standing to sue on behalf of Escalona was if the assignment agreement was valid. If the assignment agreement

3

was not valid, then Well Done Mitigation would have no right to sue as a nonparty. *See Gables Ins. Recovery v. Citizens Prop. Ins.*, 261 So. 3d 613, 618-19 (Fla. 3d DCA 2018) ("It is elementary that a person not a party to nor in privy with a contract does not have the right to sue for its breach." (quoting *White v. Exch. Corp.*, 167 So. 2d 324, 326 (Fla. 3d DCA 1964))).

Well Done Mitigation argues that the assignment agreement did not violate subsections (7)(a) and (7)(b) because it tracks the requirements of subsection (7)(b) and contemplates additional work as permitted by the statute. We agree.

Subsection (7)(a) generally prohibits the assignee and its subcontractors from collecting or attempting to collect money from an insured for payments arising from the assignment agreement. It does so while simultaneously providing for three exceptions, which are noted in subsection (7)(b). Specifically, subsection (7)(b) makes clear that a named insured is still responsible for "[a]ny deductible amount due under the policy," "[a]ny betterment ordered and performed that is approved by the named insured," and "[a]ny contracted work performed before the assignment agreement is rescinded."

Citizens argues on appeal that the assignment agreement's payment terms section by which the insured agreed to pay for "depreciation[] or additional work" violates subsections (7)(a) and (7)(b) because that specific language is not included as an exception in the statute. If we were to read the first paragraph of the payment terms section in isolation, we may be inclined to agree with Citizens. However, because "the entire contract should be considered and provisions should not be considered in isolation to other provisions in the contract," we disagree. *See Burlington & Rockenbach, P.A. v. Law Offs. of E. Clay Parker*, 160 So. 3d 955, 958 (Fla. 5th DCA 2015).

When read in isolation, at first glance, the first paragraph of the payment terms section appears to contain language very similar to the statute. Specifically, it references deductibles and betterment, both of which are included in subsection (7)(b) as exceptions that an insured is required to pay. This would seem to suggest that the "depreciation[] or additional work" language was improperly added to the agreement because it does not track the statute. However, the language in the second paragraph clearly mirrors the exceptions in the statute word for word. This begs the question, why would the agreement contain nearly identical paragraphs to say the same thing? It would not. A closer look at the first paragraph reveals that it addresses payment for services "requested that is not covered by insurance." And requiring payment for such services is in line with section 627.7152.

Specifically, subsection (7)(a) limits the scope of the assignee's waiver of claims against the named insured to payments "arising from the assignment agreement." First, this implicitly contemplates a valid assignment agreement. And second, a requirement of a valid assignment agreement is that it "[r]elate only to work to be performed by the assignee for services to protect, repair, restore, or replace a dwelling or structure or to mitigate against further damage to such property." § 627.7152(2)(a)6. Thus, services beyond those listed would not arise out of the assignment agreement and would not be covered by insurance. Furthermore, subsection (4)(c) limits an assignee's ability to seek payment beyond the deductible unless the assignor chooses to have additional work performed at the assignor's own expense. Again, additional work would not arise out of the assignment agreement and would not be covered by insurance.

5

Therefore, we conclude that the assignment agreement did not violate either subsection (7)(a) or (7)(b).  However, even if it did, such a violation would not render the *entire* assignment agreement invalid.

Section 627.7152 includes provisions setting forth what an assignment must entail in order to be valid and enforceable.  Specifically, subsection (2) prescribes the requirements and limitations of a valid assignment agreement.  *See* § 627.7152(2)(a), (b).  Nested within subsection (2), the legislature deliberately placed the validity language that "[a]n assignment agreement that does not comply with *this subsection* is invalid and unenforceable."  § 627.7152(2)(d) (emphasis added).  Importantly, Citizens never alleged that Well Done Mitigation's assignment agreement failed to comply with subsection (2)'s requirements.  Instead, its motion to dismiss focused entirely upon purported noncompliance with subsection (7).  Subsection (7), however, operates to limit an assignee's collection rights against insureds *after* the validity of an assignment agreement is determined.  It does not establish a validity requirement.  And notably absent from subsection (7) is any language suggesting that noncompliance affects the validity of the assignment agreement.

The construction of the statute and distinction between the two subsections is significant.  The legislature deliberately placed validity requirements within subsection (2) as opposed to placing them within subsection (7).  Had the legislature intended noncompliance with subsection (7) to invalidate an entire assignment agreement, it would have included similar language within the subsection, but it did not.  *See Brandon Chrysler Plymouth Jeep Eagle, Inc. v. Chrysler Corp.*, 898 F. Supp. 858, 863 (M.D. Fla. 1995) ("Courts should generally presume that the legislature acts intentionally and purposely when it includes particular language in one part of a statute, but omits it in another part." (citing *BFP*

6

*v. Resol. Tr. Corp.*, 511 U.S. 531, 537 (1994))); *see also Buell v. Direct Gen. Ins. Agency*, 267 F. App'x 907, 910 (11th Cir. 2008) ("[A] statutory violation renders contracts unenforceable only where the statute expressly or impliedly so provides." (citing *Talco Cap. Corp. v. Canaveral Int'l Corp.*, 225 F. Supp. 1007, 1013-14 (S.D. Fla. 1964), *aff'd.*, 344 F.2d 962 (5th Cir. 1965))).

Furthermore, we have found no case law that entirely invalidates an assignment agreement for failing to comply with subsection (7). Rather, courts have invalidated the entire agreement only for violations of subsection (2). *See, e.g., Gale Force Roofing & Restoration, LLC v. Am. Integrity Ins. Co. of Fla.*, 380 So. 3d 1242, 1246 (Fla. 2d DCA 2024) (affirming dismissal of complaint with prejudice where the assignment agreement violated section 627.7152(2)(a)2; *Ellis v. Titan Restoration Constr., Inc.*, No. 4D24-0085, 2025 WL 778470, at *2 (Fla. 4th DCA Mar. 12, 2025) (invalidating an assignment agreement for violating sections 627.7152(2)(a)2, 627.7152(2)(a)6, and 627.7152(2)(b)3; *Air Quality Experts Corp.*, 351 So. 3d at 34-35 (affirming dismissal of complaint with prejudice where the assignment agreement violated section 627.7152(2)(a)4; *Total Care Restoration, LLC v. Citizens Prop. Ins.*, 357 So. 3d 1260, 1266 (Fla. 3d DCA 2023) (same). Therefore, even if the instant assignment agreement had violated the statute, such a violation would not have rendered the entire assignment agreement invalid. The trial court's interpretation frustrates Well Done Mitigation's ability to receive fair compensation for its work pursuant to an otherwise valid assignment agreement. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

SILBERMAN and LaROSE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.